## TRUE v. SANBORN & a.

The fact of the sale of pork rendered unwholesome and unfit for use by the manner and circumstances under which it was slaughtered, is not competent evidence, upon the question of the unwholesomeness and unfitness for use of beef sold several years afterwards, by the same person, to other purchasers.

Where a party offers evidence of a fact, and the evidence is objected to, and ruled out by the court, and the ruling is excepted to, for the purposes of the decision of the question arising upon the exception, the fact is to be regarded as proved.

CASE. The declaration alleged in substance, that the defendants, on the 14th day of September, 1848, bargained to the plaintiff $60\frac{1}{2}$ pounds of beef, for a sound price, for good and wholesome beef, and although well knowing the same to be corrupt, unwholesome, and unfit for use, did then in fact fraudulently, falsely, and deceitfully, sell said beef to the plaintiff for good beef—wholesome and fit for use, and as being properly slaughtered and dressed—and that the beef when cooked was unwholesome, diseased, sickly and hurtful when eaten. The sale of the beef being shown, and not controverted, evidence was introduced by the plaintiff tending to show that the cow when slaughtered was diseased, and that she was improperly slaughtered, and that for those reasons the beef sold the plaintiff, being a part of said cow, was unwholesome and unfit for use; and the defendant offered evidence tending to prove that the cow was not diseased, and was properly slaughtered, and the beef wholesome and fit for use.

The plaintiff offered to prove, that on a certain occasion, several years prior to the sale in this case, the defendant sold the meat of a swine, slaughtered in a manner and under circumstances which rendered it unwholesome and unfit for use. The defendant objected to the evidence, and it was ruled out by the court.

A verdict was returned for the defendants, which the plaintiff moved to set aside for error in the ruling aforesaid.

---

True *v.* Sanborn.

---

*Stanyan & French,* for the plaintiff.

*Wells & Bacon,* for the defendants.

WOODS, J. The plaintiff in this case proposed to show that the defendants, on a certain occasion several years prior to the time of the sale of the beef which was the subject of this suit, sold the meat of a swine slaughtered in a manner and under circumstances which rendered it unwholesome and unfit for use. That fact was offered to be proved as having a legal tendency to show that the cow was improperly slaughtered, and the beef was unwholesome and unfit for use. The fact of the sale of the beef was not in question. The quality of the beef at the time of the sale, was the only matter in controversy between the parties. The evidence being offered, objected to, and ruled out by the court, for the purpose of the decision of the question before us, the fact is to be regarded as if proved. If the fact offered to be proved, were in fact proved, would it have a legal tendency to prove the fact in issue between these parties; would the fact, if admitted or proved, that the defendant, several years prior to the sale of the beef, sold pork that was unwholesome and unfit for use, have a legitimate tendency to show that the beef sold in the present case was also unwholesome and unfit for use? That is precisely the question arising upon the exception taken to the ruling of the court.

The plaintiff claims that the jury should have been allowed to make the presumption of fact of the unwholesomeness of the beef, from the fact that the pork sold proved to be in an unwholesome condition. If the presumption could properly be made, it must be upon the ground, that it is found among those natural presumptions which " depend upon their own natural force and efficacy in generating belief or conviction in the mind, as derived from those connections which are pointed out by experience." 3 Stark. Ev.

(3d Am. Ed.) 1244.   Presumptions of fact " are in truth but mere arguments, and are to be judged by the common and received tests of the truth of propositions and the validity of arguments."   1 Greenl. Ev. 49, § 44.

The principles thus stated in the books are to govern the court in the determination of the question before us.   Is there seen to be such an intimate connexion between the fact proved in this case, and the fact claimed to be inferred from it, as to lead naturally to the conclusion of its existence? Is the one fact to be inferred from the other, as a matter of fair argument and reasoning ?   Is the inference so far natural and legitimate, and according to the experience of mankind, as to lead to the inference of its clear probability ? But we think it unnecessary to pursue these inquiries farther.   It would be the height of absurdity to hold, that the sale of an article at a certain period, which proved to be bad, of which the seller might have had no knowledge whatever, would form a proper and legal ground of inference, that another and different article of property, sold several years afterwards by the same person to a different purchaser, was of a bad quality also.   In such a case, there would manifestly be wanting that connexion shown by experience between cause and effect which lies at the foundation of the presumption to be made.   We are, on the whole, clearly of the opinion that there is no foundation for the exception taken to the ruling of the court, that the evidence offered and rejected had no legal bearing upon the question in issue, and that there must be,

*Judgment on the verdict.*